IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAYRA HERNANDEZ AVALOS,　　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　Plaintiff,　　　　　§
　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　§　　Civil Action No. 3:25-CV-2236-D
　　　　　　　　　　　　　　　　§
KROGER TEXAS, L.P.,　　　　　　 §
　　　　　　　　　　　　　　　　§
　　　　　　　Defendant.　　　　　§

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, plaintiff Mayra Hernandez Avalos ("Avalos") sues defendant Kroger Texas, L.P. ("Kroger"), seeking compensation for injuries she sustained when she slipped in a Kroger store. Kroger moves for summary judgment. Concluding that there are no genuine issues of material fact and that Kroger is entitled to judgment as a matter of law, the court grants Kroger's motion and dismisses this action with prejudice by judgment filed today.

I

On July 27, 2023 Avalos was shopping at a Kroger store in DeSoto, Texas.[1] At

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Avalos as the summary judgment nonmovant and draws all reasonable inferences in her favor. *E.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

around 6:03 p.m., Avalos slipped on dish soap located on the floor near the end of an aisle.[2] Slipping on the dish soap caused Avalos' right leg and left foot to strike her shopping cart. Video footage shows that, approximately 9 minutes and 37 seconds before Avalos slipped, a customer bumped her cart into a dish soap display at the site of the slip.  The incident caused multiple dish soap bottles to fall to the ground and to leave what Avalos described as a dinner-plate sized stain.  The customer searched unsuccessfully for someone to help her clean up the spill.  She eventually picked up the dish soap bottles and returned them to the display.  The customer finished picking up the dish soap bottles around 5 minutes before Avalos slipped.

The video footage shows that, a little over 2 minutes before Avalos slipped, a customer and a child noticed the dish soap on the floor as they walked over it.  As shown in the video, this customer then proceeded down the aisle and pointed in the direction of the dish soap while speaking to another customer.  After these customers left the aisle, the video shows no one in the aisle until Avalos slipped.

According to Avalos, she did not see the dish soap until after she slipped on it.  She later described the dish soap's appearance as a dinner-plate sized stain.  The video footage shows an employee passing the aisle before the customer initially bumped into the dish soap display, but shows no employee in or around the aisle until after Avalos slipped.

Avalos now sues Kroger under a theory of premises liability.  Kroger moves for

---

[2]Avalos describes this aisle as a high traffic area, but does not cite summary judgment evidence to support this description.

summary judgment. Avalos opposes the motion.[3] The court is deciding the motion on the briefs, without oral argument.

## II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts to demonstrate that there is a genuine issue of material fact for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, L.L.C. v. Scott*, 512 F.Supp. 2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

## III

In Texas, an invitee[4] can recover under a theory of premises liability by establishing

---

[3]Avalos filed her opposition response on April 16, 2026. Kroger's reply brief, if any was, due April 30, 2026. Because the deadline for Kroger to file a reply has passed, the motion for summary judgment is ripe for a decision.

[4]The parties do not contest Avalos' status as an invitee.

that

> (1) the defendant had actual or constructive knowledge of a condition on its premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant did not exercise reasonable care to reduce or eliminate the risk, and (4) the defendant's failure to use such care proximately caused her injuries.

*Rivers v. Kroger Tex. L.P.*, 2009 WL 2596601, at *2 (N.D. Tex. Aug. 21, 2009) (Fitzwater, C.J.) (citing *Harvey v. Racetrac Petroleum, Inc.*, 2009 WL 577605, at *1 (N.D. Tex. Mar. 6, 2009) (Fitzwater, C.J.)).  Because Kroger contends that there is insufficient evidence that it had actual or constructive knowledge of the dish soap that Avalos slipped on, Avalos is obligated to produce evidence that would permit a reasonable trier of fact to find in her favor.

IV

A reasonable trier of fact could not find that Kroger had actual knowledge of the presence of the dish soap on the floor.  Avalos has presented no evidence that Kroger placed the dish soap on the floor or that it actually knew that the dish soap was on the floor.  To the extent that Avalos' premises liability claim is based on Kroger's actual knowledge of the presence of the dish soap on the floor, her claim fails.

V

The court next considers whether Avalos has produced evidence that would enable a reasonable trier of fact to find that Kroger had constructive knowledge of the presence of the dish soap on the floor.

A

"Constructive knowledge is a substitute in the law for actual knowledge." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). "Constructive knowledge 'requires proof that an owner had a reasonable opportunity to discover the defect,' and 'that question requires analyzing the combination of proximity, conspicuity, and longevity.'" *Gonzalez v. Walgreen Co.*, 140 F.4th 663, 672 (5th Cir. 2025) (quoting *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam)). The plaintiff's evidence "must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Generally, temporal evidence that the condition existed for "ten minutes, without more, is insufficient to establish constructive knowledge." *Gonzalez*, 140 F.4th at 673-74. Here, the dish soap remained on the floor for approximately 9 minutes and 37 seconds. The question, then, is whether Avalos has presented more than just this temporal evidence to support her claim. *See, e.g.*, *Hill v. PetSmart, Inc.*, 2022 WL 980269, at *9 (S.D. Tex. Mar. 30, 2022) (denying defendant's motion for summary judgment where, in addition to temporal evidence that condition existed for around 9 minutes, plaintiff presented evidence that condition was conspicuous and in proximity to an employee).

Avalos contends that she has presented more than just this temporal evidence, and that the "surrounding circumstances strengthen the temporal evidence." P. Resp. (ECF No. 23) 11. First, she identifies an employee who passed the aisle where the incident occurred,

before the dish soap was spilled.  Second, she maintains that the event that caused the dish soap to be spilled was noticeable.  Third, she notes that another customer observed the dish soap on the ground before Avalos was injured.

B

The court concludes that Avalos has not produced sufficient evidence for a reasonable trier of fact to find that Kroger had constructive knowledge of the presence of the dish soap on the floor.  The mere fact that an employee briefly passed by the aisle in question before the dish soap was spilled does not establish that an employee was in proximity to the dish soap for a sufficient period of time to discover it.  *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002) (considering whether an employee was near condition "for a continuous and significant period of time"); *Shirey v. Wal-Mart Stores Tex., L.L.C.*, 699 Fed. Appx. 427, 429 (5th Cir. 2017) (per curiam) (concluding that the evidence failed to establish that any "employee was in proximity to the [condition] for a sufficient period of time" where an employee passed by the condition for only a "few seconds").  Avalos has presented no evidence that an employee was in or around the aisle between the time the dish soap was present on the floor and when Avalos slipped.  *See Sepulveda v. Skechers USA Retail, LLC*, 2021 WL 4267714, at *9 (W.D. Tex. Sept. 20, 2021) (granting summary judgment where plaintiff failed to provide evidence that "an employee was physically close to a dangerous condition in the store"); *cf. Jackson v. Wal-Mart, Inc.*, 2022 WL 10128446, at *4 (S.D. Tex. Oct. 17, 2022) (Rosenthal, C.J.) (concluding that "employees had the opportunity to discover the spilled oil" because video footage showed that "at least two employees walked down the

-6-

aisle near the cooking oil").

Next, Avalos' contention that the "event causing the spill was noticeable" is unavailing.  P. Resp. (ECF No. 23) 11.  The dish soap on the floor, "not the antecedent situation that produced it, is the relevant danger or condition about which [Kroger's] knowledge is relevant."  *Albertsons, LLC v. Mohammadi*, 689 S.W.3d 313, 318 (Tex. 2024) (per curiam).  This means that the event that caused the condition—here, a customer bumping her cart into the dish soap display—is not relevant for purposes of determining whether Kroger had constructive knowledge of the dish soap that Avalos ultimately slipped on.  *See, e.g.*, *id.*; *Townson v. Wal-Mart Stores, Inc.*, 760 Fed. Appx. 345, 347 (5th Cir. 2019) (per curiam) ("[T]he condition that [the plaintiff] must prove Wal-Mart had knowledge of is the condition that injured her . . . ."); *Castro v. H.E.B. Grocery Co.*, 2019 WL 2518481, at *5 (Tex. App. June 18, 2019) (mem. op.) ("[T]he alleged dangerous condition here is the lettuce leaf on the floor, not some antecedent situation such as the lettuce display.").  This logic extends to the dish soap bottles that were briefly strewn across the end of the aisle.  The dish soap that Avalos slipped on, not the leaking dish soap bottles, is the condition that Kroger must have had constructive knowledge of.  *See Cartwright v. Pinnacle Entm't, Inc.*, 2011 WL 193495, at *7 (Tex. App. Jan. 20, 2011) (mem. op.) (focusing on the "specific wrinkle in the mat" that caused appellant to fall).[5]

---

[5]"[A]ctual knowledge of an antecedent condition may, under some circumstances, help support the inference of . . . constructive knowledge of the dangerous condition."  *City of Aus. v. Leggett*, 257 S.W.3d 456, 471 (Tex. App. 2008).  But Avalos has presented no evidence that Kroger had actual knowledge of the antecedent condition.

Last, the video footage shows that a customer noticed the dish soap on the floor as she walked over it.  This customer then proceeded down the aisle and is seen pointing in the direction of the dish soap while speaking to another customer.  But Avalos has introduced no evidence that either of these customers notified an employee about the presence of the dish soap on the floor before Avalos slipped on it.  *See Mosley v. Kroger Tex. L.P.*, 2021 WL 857059, at *3-4 (N.D. Tex. Mar. 8, 2021) (Lynn, C.J.) (concluding that customer's statement that she had seen the spilled milk before plaintiff fell did not support an inference that the store had knowledge of the spill before the fall); *Estrada v. Kroger Tex., L.P.*, 2012 WL 4017994, at *3 (S.D. Tex. Sept. 12, 2012) (granting summary judgment where plaintiff's grandfather "saw some water" when he entered the store but did not inform an employee of the spill before plaintiff's fall).  Avalos nonetheless maintains that the dish soap was conspicuous.  But Avalos herself did not see the dish soap until after she had slipped on it. *See Lopez v. Fam. Dollar Stores of Tex., LLC*, 2022 WL 2317150, at *3-4 (S.D. Tex. June 28, 2022) (Rosenthal, C.J.) (granting summary judgment where, even assuming customer's statement that she had almost slipped on the shampoo puddle 20 minutes before plaintiff's accident was admissible, plaintiff herself did not see the shampoo puddle before she slipped on it).  And Avalos' description of the dish soap—a dinner-plate sized stain—is unlike the conditions that courts have held to be conspicuous.  *See, e.g.*, *Hill*, 2022 WL 980269, at *9 (yellow liquid spanning the length of three tiles); *Livingston v. Dollar Tree Stores, Inc.*, 2020 WL 3513726, at *6-7 (E.D. Tex. May 19, 2020) (explaining that courts consider conspicuity of condition and concluding that size of puddle "spanning the length of [plaintiff's] body

from her neck to her feet" supported inference that defendant had constructive knowledge

of spill); *Villanueva v. Wal-Mart Stores Tex., LLC*, 2023 WL 2493841, at *2 (S.D. Tex. Jan.

31, 2023) (describing condition as "a yellow glittery substance"); *Yearwood v. Wal-Mart

Stores Tex., LLC*, 2022 WL 22878755, at *4 (W.D. Tex. June 16, 2022) (finding puddle to

be conspicuous because, in addition to "darkening the concrete where it was located,"

plaintiff's "pants were 'all wet' after she fell [on the puddle], suggesting that a substantial

amount of water had accumulated on the floor").[6]

In sum, the short period of time that elapsed between the spill and Avalos' slip favors

granting summary judgment.  The evidence that Avalos presents regarding proximity and

conspicuity is insufficient for a reasonable trier of fact to find that Kroger had constructive

knowledge of the presence of the spilled dish soap.  Under these facts, Kroger is entitled to

judgment as a matter of law.

---

[6]Even assuming that the dish soap was conspicuous, the absence of any employees in proximity to the dish soap would still pose a challenge to Avalos' premises liability claim. *See Reece*, 81 S.W.3d at 816 (explaining relationship between conspicuity and proximity); *cf. Agbonzee v. Wal-Mart Stores Tex., L.L.C. #772*, 2022 WL 3137428, at *3 (5th Cir. Aug. 5, 2022) (per curiam) (affirming summary judgment where only two of three constructive knowledge factors favored defendant).  In *Moreno*, for example, the plaintiff slipped on a "large and spread out" puddle of water. *Moreno v. Wal-Mart Stores Tex., LLC*, 506 F. Supp. 3d 503, 508 (S.D. Tex. 2020).  The court noted that the defendant's employees had walked 9 times past the area where the water coalesced, and concluded that the puddle was "large and visible enough to create a question of material fact as to whether it reasonably should have been seen by a passing employee." *Id.*; *see Yearwood*, 2022 WL 22878755, at *4 (employees passed conspicuous puddle 9 times before plaintiff fell).

\*   \*   \*

For the reasons explained, the court grants Kroger's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

May 12, 2026.

_____

SIDNEY A. FITZWATER
SENIOR JUDGE